897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mohammed ISMAIl, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-1717.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Mohammed Ismail, a pro se federal prisoner, appeals the dismissal of a suit filed under the Federal Tort Claims Act. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ismail sought damages for the failure to return certain personal property seized at the time of his arrest on charges of conspiring to import heroin. The district court granted defendant's motion to dismiss.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed the claim as to that property which was transferred to the Michigan state treasury pursuant to a tax levy. Plaintiff's only remedy for this claim is to contest the tax lien in state court. See United States v. Francis, 646 F.2d 251, 263-64 (6th Cir.), cert. denied, 454 U.S. 1082 (1981). Ismail has conceded on appeal that his claim for return of miscellaneous papers is moot. We find the claim for return of Ismail's passports to be similarly moot, as he has admitted that the Pakistani embassy is acting as custodian of this property pending his release. Accordingly, we affirm the dismissal of Ismail's claim as to the above property.
 
 
 4
 However, we also find that Ismail's claim for damages due to the destruction of a set of scales was improperly dismissed. The district court found that this claim was not ripe at the time Ismail filed his administrative claim because the property had not yet been disposed of. We conclude, however, that the claim accrued at the conclusion of the criminal proceedings. Cf. United States v. LaFatch, 565 F.2d 81, 83 (6th Cir.1977), cert. denied, 435 U.S. 971 (1978). Furthermore, the government had the burden of proving that this property was contraband, and therefore properly destroyed. See United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir.1987).
 
 
 5
 Accordingly, the district court's order is hereby affirmed in part, and vacated and remanded in part, pursuant to Rules 9(b)(5) and (6), Rules of the Sixth Circuit.